IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAEKUBIAN BARROW, | ) | No. C 10-1521 JSW (PR) |
| Petitioner, | ) ) | **ORDER GRANTING MOTION TO LIFT STAY; REOPENING CASE; TO SHOW CAUSE** |
| vs. | ) ) | |
| SWARTHOUT, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 12) |
| | ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. The petition (docket number 1) set forth two claims for relief, and this case was stayed to allow Petitioner to exhaust additional claims of ineffective assistance of counsel. He has filed a motion to lift the stay explaining that he no longer wishes to pursue the additional claims, and wishes to proceed solely on the basis of the two claims in the original petition. This order GRANTS Petitioner's motion to lift the stay and directs Respondent to show cause why the writ should not issue based upon the two claims set forth in the original petition.

## BACKGROUND

According to the petition, Petitioner was convicted of making terrorist threats in

2008 in Marin County Superior Court. Petitioner's appeal to the California Court of Appeal and his petition for review in the California Supreme Court were denied in 2009. Petitioner filed the instant federal habeas petition in this Court on April 9, 2010.

**DISCUSSION**

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

Petitioner raises the following claims for relief in the petition: (1) improper comments by the jurors "tainted" the trial; and (2) prejudicial evidence about Petitioner's prior bad acts was admitted at trial. When liberally construed, these claims implicate Petitioner's right to due process and consequently it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The motion to lift the stay is GRANTED. The Clerk shall REOPEN the file.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

      3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

      4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      5. Petitioner's motion for appointment of counsel in his other case, Case No. C 11-1000 JSW (PR), is DENIED as that case has been dismissed and is closed.

      IT IS SO ORDERED.

DATED: July 15, 2011

                                      JEFFREY S. WHITE
                                      United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW, | Case Number: CV10-01521 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SWARTHOUT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raekubian A. Barrow
CA Men's Colony
G16543
Highway 1 North
San Luis Obispo, CA 93401

Dated: July 15, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk